## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE R. AIKINS, <br><br>       Appellant, <br><br>    v. <br><br> ETC EQUITIES, LLC, <br><br>       Appellee. | Civil Action No. 22-02899 (GC) <br><br> **MEMORANDUM ORDER** |

### CASTNER, District Judge

This matter comes before the Court upon the Court's September 29, 2023 Order to Show Cause as to why this case should not be dismissed under Federal Rule of Bankruptcy Procedure 8018(a)(4) for Appellant Bruce Aikins's failure to file a brief. (ECF No. 14.)  Appellant filed a response to the Order to Show Cause in addition to several letters, one of which requested this Court either decide this matter expeditiously or reassign the case to another judge. (ECF No. 16.)

Although Appellant timely responded to the Order to Show Cause, his response, even when construed liberally, did not "address [his] failure to file a brief or provide any indication that [he] intended to file one in the future." *In re Ruiz*, 776 F. App'x 750, 751 (3d Cir. 2019).  Appellant responded that his Exhibit A, attached to the Notice of Appeal from the Bankruptcy Court (ECF No. 1), and a case that this Court understands to be *In re Philadelphia Entertainment & Devevelopment Partners*, 879 F.3d 492 (3d Cir. 2018), clarify the Appellant's position and the merits of the appeal (ECF No. 15).  But even when this Court construes Appellant's submissions liberally, "[n]owhere in [his] various submissions does [Appellant] squarely identify, much less

1

address, the specific bankruptcy issues that [he] is appealing, nor does [he] identify . . . the parts of the record that support [his] position." *In re Ruiz*, 776 F. App'x at 752.

Appellant argues that the district court should decide the appeal based on "a properly established set of facts especially established prior to any brief being filed for the appeal" and that "the Motion for Stay directly connected to the Notice of Appeal is actually the horse before the cart under the prevailing standard." (ECF No. 15 at 1-2.)  The Court construes this as an argument that the district court should have, without briefing from either party, decided this action, relying on the bankruptcy court record and decision in *In re Philadelphia Entertainment*.  That argument is contrary to the requirements of the federal rules of bankruptcy procedure, Third Circuit precedent, and the briefing schedule in this case as directed by the Court at ECF No. 2.

In a subsequent letter, Appellant states that he did not receive the initial briefing schedule, and that "circumstances as verified within this submission in legal fact causes a necessary pause in provision of case law support at this stage." (ECF No. 17.)  More than five months ago, the Court gave Appellant an opportunity to explain why this case should not be dismissed due to Appellant's failure to file a brief as required.  Appellant still has not filed a brief and in his communications with the court does not indicate an intent to do so or a sufficient reason why this case should not be dismissed.

In *Poulis v. State Farm Fire & Casualty Company,* the Third Circuit articulated a set of factors that a trial court should balance when using its discretion to apply the "extreme" sanction of dismissal.  747 F.2d 863, 868-70 (3d Cir. 1984).  The *Poulis* factors are (1) "the extent of the party's personal responsibility," (2) "prejudice to the adversary," (3) "a history of dilatoriness," (4) "whether the attorney's conduct was willful or in bad faith," (5) "alternative sanctions," and (6) "meritoriousness of the claim." *Id.* at 868-70.  Not all of the factors need to weigh against a

litigant for a district court to properly dismiss.  *In re Ruiz*, 776 F. App'x at 752 (citing *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019)).

Here, *pro se* Appellant has full control over his own filings and communication to the court; there is no prejudice to the adversary, who has not yet participated in the district court action and is, in any case, the appellee in this action; this Court gave the Appellant the opportunity to correct the lack of briefing; the Appellant informed the Court that his position was that the Court should make a decision in this action before he should be required to submit further briefing; and, because of the Appellant's lack of briefing, the merits of the action are entirely opaque to the Court.  In *In re Ruiz*, the Third Circuit affirmed the district court's decision to dismiss a bankruptcy appeal in substantively similar circumstances.  776 F. App'x 750.  Therefore, because several of the factors set forth in *Poulis* have been met, as supported by the reasoning in *In re Ruiz*, and for other good cause shown,

IT IS on this 14th day of March 2024, **ORDERED** as follows:

1.  Appellant's appeal from the bankruptcy court (ECF No. 1) is **DISMISSED** without prejudice for lack of prosecution.

2.  To the extent that Appellant's letter on February 5, 2024 (ECF No. 16) can be construed liberally as a Motion to Reassign this Case, it is **DENIED**.

3.  The Clerk's Office is directed to **TERMINATE** Appellant's Motion (ECF No. 16) and **CLOSE** this case.

4.  The Clerk's Office is directed to mail Appellant a copy of this Memorandum Order.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

3